FILED
CLERK, U.S. DISTRICT COURT

12/01/14

CENTRAL DISTRICT OF CALIFORNIA
BY: sb        DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

HOWARD DENNIS KELLY,

    Petitioner,

    v.

LOUIS J. MILUSNIC, Warden,

    Respondent.

Case No. CV 14-2294 FMO (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

    The Court vacates the reference of this action to the Magistrate Judge and grants the government's unopposed motion to dismiss the action.

\* \* \*

    Petitioner formerly was a federal prisoner at FCI Victorville. He filed a habeas action in this Court pursuant to 28 U.S.C. § 2241. The government subsequently moved to dismiss the action. (Docket # 6.) The government argued, among other things, that Petitioner improperly sought to challenge his underlying conviction in a manner that rendered the petition successive under federal law. See 28 U.S.C. § 2255(h).

The Court (Magistrate Judge Wilner) informed Petitioner in May 2014 of his obligation to respond to the government's dismissal motion. (Docket # 8.) The magistrate judge specifically informed Petitioner that the Court could consider the government's motion unopposed – and consented to – under the Local Rules unless Petitioner filed a response. The Court also advised Petitioner that the action could be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute the case. (Id.)

The Court subsequently granted Petitioner's multiple requests for extensions of time to respond. (Docket # 9, 11, 13, 19.) However, Petitioner failed to file a response to the motion by the extended date. In September 2014, the Court issued an order to show cause why the action should not be dismissed. (Docket # 20.) Petitioner did not respond to that order, either. Petitioner has filed nothing in response to the government's motion or the Court's order to show cause since then.[1]

\* \* \*

Local Rule of Court 7-12 states that, after a party files a motion with the Court, the failure to file a required response "may be deemed consent to the granting [ ] of the motion." That rule fully applies to the present dismissal motion. The government plausibly established that: (a) Petitioner's habeas action is successive to Section 2255 proceedings in the court of conviction; and (b) he does not have permission from the Court of Appeals to pursue his current claims in this

---

[1] After Petitioner commenced this action, the Bureau of Prisons transferred him to the federal facility in Phoenix, Arizona. Petitioner filed an appropriate change of address form. (Docket # 21.) The Court's September order to show cause was sent to Victorville before the Court received the change of address form. However, the Clerk re-served Petitioner with the order at the Phoenix prison in early October 2014. (Docket # 22.) Even after that, Petitioner failed to file any opposition to the government's motion or a response to the Court's OSC.

1  court.[2]  Petitioner's failure to respond to the dismissal motion signifies his consent
2  to the dismissal of the case.
3      Moreover, Petitioner failed to respond to the court's orders requiring him to:
4  (a) respond to the government's dismissal motion; and (b) show cause regarding
5  the status of the action. (Docket # 8, 20.) Rule 41(b) provides that "[i]f the
6  plaintiff fails to prosecute or to comply with these rules or a court order, a
7  defendant may move to dismiss the action or any claim against it." Dismissal also
8  may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-
9  30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to
10 advance the public's interest in the expeditious resolution of litigation, the court's
11 need to manage its docket, and to avoid the risk of prejudice to defendants.
12 Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet,
13 963 F.2d 1258, 1263 (9th Cir. 1992) (analyzing factors supporting dismissal of
14 Section 1983 actions).
15     A dismissal under Rule 41(b) ordinarily "operates as an adjudication on the
16 merits" of a claim and leads to a dismissal of the action with prejudice. However,
17 when the dismissal is "for lack of jurisdiction," the dismissal should be without
18 prejudice. See, e.g., Alonso v. Chappell, No. CV 13-3093 VAP (PLA), 2013 WL

---

[2] In 2008, a jury in the Western District of New York convicted Petitioner of escaping from a halfway house while serving a previous criminal sentence. (United States v. Kelly, CR 06-6077 DGL (MWP (W.D.N.Y.).) The government did not submit copies of any of the relevant documents from that action (or, for that matter, even identify the case number in Mr. Kelly's underlying criminal case).

Nevertheless, the docket from the New York action clearly reveals that the Second Circuit affirmed his conviction. (Docket # 124.) After that, the district court denied Petitioner's motions for post-conviction relief under 28 U.S.C. § 2255. (Docket # 141, 157.) Following the last denial of habeas relief in New York, Petitioner commenced this action in California. The petition in this Court is not accompanied by a certificate of authorization from the Ninth Circuit.

1  3147156 (C.D. Cal. 2013) (dismissal of successive state habeas action without
2  prejudice based on lack of district court jurisdiction).
3       Petitioner's failure to prosecute this action – or to respond to the Court's
4  orders requiring him to do so – warrants dismissal under Rule 41(b).  The public,
5  the Court, and the government have a significant interest in the resolution of this
6  case.  Petitioner, by contrast, has demonstrated a lack of interest in pursuing the
7  action to a decision on the merits.  Moreover, given Petitioner's failure to respond
8  to the Court's orders, there are no "less drastic sanctions" available to the Court
9  other than a dismissal of the action.  <u>Omstead</u>, 594 F.3d at 1084.  Rule 41 therefore
10  provides an additional basis for dismissing the action without prejudice due to the
11  Court's lack of jurisdiction over the matter.
12       Therefore, this action is hereby DISMISSED without prejudice.
13       IT IS SO ORDERED.

Dated: December 1, 2014           _____/s/_____
                                          HON. FERNANDO M. OLGUIN
                                          UNITED STATES DISTRICT JUDGE